# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **Clear Cast Group, Inc.,** | ) | Case No. 1:09 CV 0169 |
| | ) | Judge Christopher A. Boyko |
| **Plaintiff,** | ) | Magistrate Judge McHargh |
| | ) | |
| v. | ) | |
| | ) | **STIPULATED PROTECTIVE** |
| | ) | **ORDER** |
| **Ritrama, Inc.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

WHEREAS, the parties have requested confidential documents and information in discovery; and

WHEREAS, the parties wish to expedite discovery and avoid objection to the production of confidential information by the establishment of a protective order; and

WHEREAS, the parties agree that the Court may enter this Stipulated Protective Order as its order in this matter;

NOW, THEREFORE, the parties agree as follows:

1. "Confidential information" means all documents and all other information which has been designated "confidential" by any party; in the case of documents, including discovery responses, by stamping "CONFIDENTIAL" on the document; in the case of deposition transcripts, by indicating on the record or by subsequent writing that the testimony is confidential; and in the case of any other information, electronically stored information, or documents imaged on data disks, by indicating on the record or otherwise in writing that the party considers the information confidential.

2. "Attorneys' eyes only confidential information" means all documents and all other information which has been designated "attorneys' eyes only" by any party; in the case of documents, including discovery responses, by stamping "ATTORNEYS' EYES ONLY" on the document; in the case of deposition transcripts, by indicating on the record or by subsequent writing that the testimony is attorneys' eyes only confidential information; and in the case of any other information, electronically stored information, or documents imaged on data disks, by indicating on the record or otherwise in writing that the party considers the information to be attorneys' eyes only confidential information. The parties acknowledge that it is their intent that "Attorneys' Eyes Only" designations be limited to protect highly confidential business information that could provide the receiving party with a competitive advantage. For example, this information may include, without limitation, product cost information and information relating to adhesive formulations and product manufacturing information.

3. All confidential information produced shall be used solely for the purpose of conducting this litigation and not for any other purpose whatsoever. For the purpose of conducting this litigation, confidential information may be used by, copied by, exhibited to, or disclosed to only the following persons or entities:

(a) The parties and their employees;

(b) Attorneys for the parties, and such of their partners, associates or employees who are directly and necessarily involved in the preparation for the trial of this case;

(c) Court reporters used in connection with this action at deposition or trial;

(d) The court and its staff; and

(e) Testifying or consulting experts and their employees.

Case 1:09-cv-00159-GKBM Document 26-2  Filed 06/17/2009  Page 2 of 8

4. No person, other than those listed in paragraph 3.b. - d., may be shown or given access to confidential information unless the person indicates in writing by signing a copy of the attached Exhibit A that the person has read, understood, and will abide by the terms of this Protective Order. In addition, the disclosure of attorneys' eyes only confidential information shall be strictly limited to the persons identified on paragraph 3.b.-e., provided, however, that testifying or consulting experts and their employees shall not include the parties or their employees.

5. Any pleadings, motion papers, memoranda, affidavits, declarations, exhibits, transcripts, or other papers filed with the clerk of court that contain any confidential material shall be marked: "CONTAINS CONFIDENTIAL INFORMATION, SUBJECT TO PROTECTIVE ORDER." Such papers shall be filed with the clerk of court in a sealed envelope, endorsed with the caption of this action, the purpose to which they relate and a statement in the following form:

> This envelope contains documents filed in this action by [name of party] generally described as [title or description of document] and is not to be opened, except for review by court personnel, nor are the contents thereof to be disclosed except by order of the court.

6. This Protective Order shall apply with equal force to all copies, notes, summaries, or other compilations and oral recitation of confidential material.

7. Documents and other information designated as confidential by the parties shall remain confidential under the terms of this Protective Order unless the parties agree to the deletion of the designation or upon order of the court.

8. Within a reasonable time after the final disposition of this action, all information designated confidential by the parties shall be destroyed in a manner which preserves its confidential nature or shall, at the request of the parties, be returned to the parties. If information

designated confidential is destroyed, the party destroying the information shall certify to the other party that all confidential information of the other in its possession, care, custody, or control has been destroyed.

9. The parties recognize that for purposes of expediency, the parties may produce confidential documents or information without the appropriate designation. In such circumstances, the parties may thereafter designate such documents or other information as "confidential" or "attorneys' eyes only" by providing all other parties with a written description of such documents or information within 20 days of production or filing (the "designation period") which indicates they are to be considered confidential. No disclosure of documents or information shall be made during the designation period, and all such documents or information shall be governed by the terms of this Protective Order and thereafter if designated as confidential.

10. Nothing in this Protective Order shall be construed to prevent a party to this action from opposing the designation of documents, testimony, or other materials or information as "confidential" or "attorneys' eyes only" or from seeking a ruling from the court at any time that any such documents, testimony, or other materials or information need not be treated as confidential.

11. By stipulating to this Protective Order, the parties do not waive any applicable privileges, and reserve their right to contest any requests or subpoenas for documents or testimony to assert an applicable privilege. The inadvertent production of a document protected from disclosure by a privilege should not be deemed a waiver or an impairment of any claim of privilege. In the event of the inadvertent production of any document protected by the attorney-client privilege, work product doctrine or any other applicable privilege, the following procedure

shall be followed. The producing party shall make written demand upon the receiving party to return the inadvertently produced documents. Upon demand by the producing party, the receiving party shall return all inadvertently produced documents and any copies, duplications, extracts, and summaries within a reasonable period of time, not to exceed five business days, or in the alternative, seek in camera review by the Court within that same time period if the receiving party disputes the designation of privilege or inadvertent nature of the disclosure. Until such time as the Court renders its ruling, the material shall be kept "Confidential" by the parties pursuant to the terms of this Protective Order. It is acknowledged that large quantities of documents may be produced by both parties, in particular, the documents inspected by defendant's former counsel and marked as BENESCH 000001-009564 (11/12/2008 & 12/02/2008). The parties acknowledge and agree that they have discussed plaintiff's efforts to review the production for privileged material that might be inadvertently produced, and the parties acknowledge and agree that defendant shall not take the position that privileged material potentially produced among the documents labeled BENESCH 000001-009564 waives plaintiff's attorney-client or work product privileges or failed to constitute "inadvertent" production.

12. For documents or tangible things that are inadvertently produced without any designation of confidentiality, and for all documents and materials already produced in this action, the producing party may nevertheless thereafter assert the confidentiality of the documents or material and the parties shall thereafter treat the documents or material as Confidential Material.

13. The parties acknowledge that this matter was previously litigated in the case captioned Clear Cast Group, Inc. v. Ritrama, Inc., Case No. 07 CV 640099, in the Cuyahoga

Court of Common Pleas (the "State Court Action"), and that the court in the State Court Action entered a stipulated protective order between the parties. The parties agree that this Stipulated Protective Order shall govern in this litigation to the exclusion of the protective order entered in the State Court Action. Any pleadings, motion papers, memoranda, affidavits, declarations, exhibits, transcripts, or other papers previously filed with the Cuyahoga County clerk of court that contain any confidential material shall be governed by this Stipulated Protective Order. Furthermore, upon the entry of this Stipulated Protective Order by this Court, the parties waive any protections afforded to them under the protective order entered in the State Court Action, and agree not to seek any relief based upon the protective order entered in the State Court Action.

Dated: June 17, 2009                            ___s/ John N. Neal_____
                                                              James F. Koehler (0007904)
                                                              John N. Neal (0075355)

                                                              BUCKLEY KING LPA
                                                              1400 Fifth Third Center
                                                              600 Superior Avenue, East
                                                              Cleveland, Ohio 44114-2652
                                                              Telephone: (216) 363-1400
                                                              Facsimile: (216) 579-1020
                                                              Koehler@buckleyking.com
                                                              Neal@buckleyking.com

                                                              Attorneys for Plaintiff
                                                              Clear Cast Group, Inc.

Dated: June 17, 2009

    s/ Eric J. Nystrom
Eric J. Nystrom, *Pro Hac Vice*
John C. Ekman, *Pro Hac Vice*

LINDQUIST & VENNUM P.L.L.P.
4200 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402
Telephone: (612) 371-3211
Facsimile: (612) 371-3207
enystrom@lindquist.com
jekman@lindquist.com

AND

M. Neal Rains (0013081)
FRANTZ WARD LLP
2500 Key Center
127 Public Square
Cleveland, Ohio 44114-1230
Telephone: (216) 515-1660
Facsimile: (216) 515-1650
nrains@franzward.com

Attorneys for Defendant Ritrama, Inc.

SO ORDERED.

Dated: June 18, 2009      BY THE COURT:

s/Christopher A. Boyko
Christopher A. Boyko
United States District Judge

## EXHIBIT A

I acknowledge that I have read the above Stipulated Protective Order governing the protection of confidential information and agree to abide by its terms and conditions.

Dated: _____

2998962v2

Case 1:09-cv-00159-GKBM Document 26 Filed: 06/17/09 Page: 8 of 8 PageID #:198