**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **CLEAR CAST GROUP, INC.** ) | Case No. 1:09-cv-00169 |
| ) | |
| ) | **MAGISTRATE JUDGE MCHARGH** |
| **Plaintiff,** ) | |
| ) | |
| ) | |
| vs. ) | |
| ) | |
| **RITRAMA, INC.,** ) | |
| ) | **MEMORANDUM AND ORDER** |
| ) | |
| **Defendant.** ) | |
| ) | |

The Court previously found Defendant Ritrama Inc. ("Ritrama") violated Rule 30(b)(6) and subsequently ordered monetary sanctions pursuant to Rule 27(d)(3). (Doc. 106 at 27).  The Court required Clear Cast Group ("CCG") to prepare a bill of costs including the costs and attorney's fees associated with preparation and conduction of the deposition of Ritrama's President, Daryl Hanzel.  *Id.*  The Court permitted CCG to include travel and hotel expenses as well as costs and attorney's fees involved in preparing the Motion in Limine.  *Id.*  The Court indicated Ritrama could contest the reasonableness of the fees requested within one week of CCG's filing the bill of costs.  *Id.*

Ritrama does not contest the majority of CCG's proposed costs.  They do not dispute $11,500.23 of the $19,082.84 total expenses.  (Doc. 107).  Ritrama does not dispute CCG's claim of $4,440 in attorney's fees or $2,232.73 in other related costs for the Hanzel deposition from August 3, 2009 – August 4, 2009.  (Doc. 108 at 1-2).  Nor do they object to select time entries from February 26, 2010 – May 2, 2011 related to

preparation of the Motion in Limine totaling $4,827.50 in attorney's fees.  (Doc. 108 at 2).

As the party applying for attorney fees, CCG has the burden of showing they are entitled to such an award by documenting the appropriate time spent on the matter at issue in addition to hourly rates. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); see also: *Webb v. County Bd. of Educ.*, 471 U.S. 234, 242 (1985); *Reed v. Rhodes*, 179 F.3d 453, 472 (6th Cir. 1999). Such a requirement does not require the party to show exactly how each minute was spent, however the general subject matter should be contained in counsel's time sheets. *Id*. CCG's bill of costs contains a table with the subject matter, time spent, and hourly rates with sufficient detail. (Doc. 107).  A party seeking costs also bears the burden of providing the court with detailed documentation to establish the hours specified were actually and reasonably spent on the litigation at issue. *United Slate, Local 307 v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 502 (6th Cir. 1984); see also: *Helfman v. GE Group Life Assur. Co.*, 2011 U.S. Dist. LEXIS 41608 at *4 (E.D. Mich. 2011).  CCG's detailed bill of costs does not raise any questions as to the reasonableness of the time spent on either the Motion in Limine or the deposition of Daryl Hanzel.  Thus, CCG has met the burden in documenting their attorneys' time within the Bill of Costs.

However, Ritrama contests a number of CCG's proposed costs. Ritrama contested the costs within the court's deadline and argued the attorney's fees sought by CCG went well beyond the 30(b)(6) deposition and preparation thereof.  (Doc. 108 at 1). Ritrama contests $7,582.61 of the $19,082.84 total expenses CCG seeks.

Ritrama first disputes $994.11 of CCG's 2009 attorney's fees and argues those costs relate to Ritrama's Motion for Protective Order, which this court previously granted. (Doc. 108 at 2).  However, the motion concerned the location, which necessitated the travel of CCG's counsel, and related to the availability of corporate records during the deposition.  The court finds it is particularly inappropriate for Ritrama to use the court's approval of the Protective Order, which in part was based upon having access to corporate resources, only to present a 30(b)(6) representative who was completely unresponsive to CCG's questions.  Ritrama does not contest costs for the deposition.  The fact that the Court previously granted the Motion for Protective Order is of no consequence.  The Motion for Protective Order is inextricably connected to the deposition.

Second, Ritrama contests a number of 2009 time entries allegedly related to discovery issues for which CCG previously sought sanctions that this court declined to award. (Doc. 108 at 2).  The court did not decline to award sanctions, but rather indicated on both August 7, 2009 in a telephone conference and on September 8, 2009 in the court's order that sanctions would be considered (Doc. 42).  The mere fact that the court has not yet addressed such sanctions does not infer the court declined to award sanctions.  The discovery-related costs Ritrama disputes immediately follow the deposition at issue, which triggered increased requests for documents due to the insufficiency of the deponent's responses.

Third, Ritrama contests CCG's February 20, 2011 time entry because Ritrama claims it has nothing to do with the Motion in Limine. (Doc. 108 at 2).  The related February 21, 2011 entries provide further detail about Mr. Neal's activities.  Those

entries show he worked on the Motion in Limine in conjunction with the Motion for Sanctions. While the language used in the time sheets could be more clear, the court finds it relates to the Motion in Limine.

Finally, Ritrama contests two separate CCG time entries on February 21, 2011 because one includes a number of separate motions and allocates almost half the time on the Motion in Limine while another does not show any time was billed for the Motion in Limine. (Doc. 108 at 2). Since the court need not require an allocation of the exact amount of time spent on each activity, CCG's bill of costs appears to be a reasonable estimate of the amount of time spent on each motion. *Reed*, 179 F.3d 453, 472.

Since Defendant Ritrama has not raised valid objections to CCG's bill of costs, the court orders Defendant to pay the costs specified by Plaintiff as 27(d)(3) monetary sanctions. Ritrama should make the sanctions draft payable to "Koehler Neal LLC" in the amount of $19,082.84.

## Summary

The objections (Doc. 108) to Plaintiff's Bill of Costs (Doc. 107) are overruled.

IT IS SO ORDERED.

July 2, 2012                                         Kenneth S. McHargh
                                              United States Magistrate Judge